UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATHAN A. KIVI,

    Plaintiff,

    v.    Case No. 25-cv-620-bhl

DR. ROBERT JEROME, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff Nathan A. Kivi, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated in connection with dental care he received at Waupun. This matter comes before the Court on Kivi's motion for leave to proceed without prepayment of the filing fee, motion to appointment counsel, and to screen the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Kivi has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Kivi has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $9.95. The Court will grant Kivi's motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

Case 2:25-cv-00620-BHL   Filed 07/31/25   Page 2 of 11   Document 8

alleged." *Id.* at 556.  "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

ALLEGATIONS OF THE COMPLAINT

At the relevant time, Kivi was an inmate at the Waupun Correctional Institution. Dkt. No. 1. Defendants are Dr. Robert Jerome, Dr. Paul Ganhert, Nurse Ashley Haseleu, Warden Brian Foster, Warden Randall Hepp, Dr. Steven Kinziger, Health Services Manager (HSM) Robert Weinman, Dr. Angelo Panos, and John and Jane Does Health Service Workers. *Id*. at 1-2.

On May 25, 2018, Dr. Ganhert completed a "newly established patient" oral exam on Kivi. *Id*. at 4. Dr. Ganhert noted "localized bleeding" and "restorative needs" for tooth numbers 7, 9, 14, 18, 19, and 29. *Id*. He also noted "future extractions" of wisdom tooth 16 and "possibly tooth 3." *Id*. Kivi was added to the dental appointment "waitlist" for "restorative needs." *Id*. Despite submitting several Dental Service Requests (DSRs) for dental care due to pain and pressure in his teeth, he did not receive "restorative needs" dental care in 2019 or 2020. *Id*. at 4-5. At the time, Dr. Ganhert stated that there were "delays" due to Covid-19. *Id*. at 5. A cleaning appointment on December 22, 2020 noted that Kivi was "high risk." *Id*.

Kivi received additional treatment for his teeth in 2021. On February 4, 2021, Dr. Ganhert examined Kivi for complaints of pain and pressure in his teeth. *Id*. Dr. Ganhert told Kivi that tooth 15 and tooth 16 would have to be removed due to damage. *Id*. A few weeks later, on February 22, 2021, Kivi submitted another DSR complaining that tooth 15 had split in half. *Id*. The following day, on February 23, 2021, Kivi submitted another DSR complaining about severe pain and the inability to eat or sleep due to pain. *Id*. at 6. Nurse Haseleu examined Kivi on February 24, 2021 and prescribed dental wax and topical Oragel. *Id*. But she denied Kivi's request for pain medication even though his tooth had cracked in half and he had an infection. *Id*. On

3

March 4, 2021, Dr. Ganhert examined Kivi and prescribed antibiotics, Tylenol, ibuprofen, and ice. *Id*. He also scheduled Kivi for a tooth extraction to be completed after the infection healed. *Id*. On March 11, 2021, tooth 15 and tooth 16 were extracted. *Id*. About a month later, on April 26, 2021, Kivi submitted another DSR notifying Dr. Ganhert that tooth 18 was "breaking apart" and asking about his status on the waitlist for restorative needs. *Id*. Dr. Ganhert responded that Kivi was taken off of the waitlist after his extraction procedure in March 2021. *Id*. Tooth 18 also became infected, so on May 6, 2021, Dr. Ganhert prescribed antibiotics and ibuprofen again. *Id*. at 7. Tooth 18 was extracted on May 21, 2021. *Id*. In May 2021, Kivi wrote letters to Dr. Ganhert, Warden Hepp, and HSU Manager John Doe (not a defendant) complaining about his dental care. *Id*. He received no response. *Id*. On June 24, 2021, Dr. Ganhert told him that tooth 31 was "next for extraction." *Id*. Kivi was again put on the bottom of the waitlist for restorative needs. *Id*.

On February 15, 2022, Kivi submitted another DSR asking about his status on the waitlist for restorative needs. *Id*. Dr. Urbanowicz (not a defendant) replied, "Unfortunately no staff dentist at this time. The wait is longer." *Id*. Kivi submitted more DSRs. *Id*. at 8-9. On May 2, 2022, Dr. Kinziger responded, "wait times are well over a year for these RWL services." *Id*. at 8. On October 14, 2022, Dr. Jerome responded that the dental unit is not fully staffed, so there is a great deal of back log. *Id*. On March 21, 2023, nearly five years after Kivi's initial evaluation, he finally received his first restorative treatment. *Id*. He believes that, if he had received restorative treatment sooner, he would not have unnecessarily lost three teeth. *Id*. For relief, Kivi seeks monetary damages. *Id*. at 12.

THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this

4

deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. *Cesal v. Moats*, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). "This principle applies equally to dental care." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (citing *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)). To state a claim, Kivi "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Cesal*, 851 F.3d at 721 (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. (quoting *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the inmate's health. *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825, 836-38 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an incarcerated individual's pain. *McGowan*, 612 F.3d at 640 (citing *Estelle*, 429 U.S. at 104-05.

Kivi alleges that he was prescribed "restorative needs" for tooth numbers 7, 9, 14, 18, 19, and 29. He alleges that the five-year delay in receiving the prescribed restorative treatment caused him to unnecessarily lose three of his teeth. He alleges that Dr. Ganhert, Dr. Jerome, and Dr. Kinziger kept placing him at the bottom of the restorative needs waitlist even though they knew

5

that he had already lost several teeth; and that Nurse Haseleu refused to treat the painful infections with pain medication. He alleges that his teeth split in half, broke apart, and became painful and infected due to their lack of medical judgment.

Based on these allegations, the Court can reasonably infer that Dr. Ganhert, Dr. Jerome, Dr. Kinziger, and Nurse Haseleu may have been deliberately indifferent towards his dental needs. Therefore, Kivi may proceed on an Eighth Amendment deliberate indifference claim against Dr. Ganhert, Dr. Jerome, Dr. Kinziger, and Nurse Haseleu in connection with his dental needs at the Waupun Correctional Institution between 2018 and 2023.

The Court will dismiss the remainder of the Defendants from the case. Kivi alleges no specific facts about Warden Foster, HSM Weinman, Dr. Panos, or John and Jane Doe Health Service Workers involvement in the case. His conclusory assertions that these individuals were "responsible" for the delays at the institution due to their job titles is not enough to state a claim. *See Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) (noting that §1983 requires allegations of personal involvement in the underlying constitutional violation). Kivi's only factual allegation against Warden Hepp is that he did not respond to a letter drafted in May 2021 complaining about his dental care. But the failure to respond to a letter is not enough to allege deliberate indifference, especially against high-level prison officials who are entitled to delegate medical care to others at the institution. *Id*. at 595 ("[Plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical

care. That can't be right."). Therefore, the Court will dismiss Warden Foster, Warden Hepp, HSM Weinman, Dr. Panos, and John and Jane Doe Health Service Workers from this case.

## MOTION TO APPOINT COUNSEL

Kivi filed a motion to appoint counsel. Dkt. No. 4. He states that he is unable to afford counsel; he has limited knowledge of the law; the issues are complex; and Defendants would be more inclined to cooperate in discovery with an attorney. *Id*. Kivi also states that he has attempted to recruit counsel on his own to no avail. *Id*.

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the Court must consider two things: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel on his own. *Pickett v. Chicago Transit Auth*., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. To demonstrate he satisfied the first prong, Kivi must show he contacted at least three lawyers and provide the Court with (1) the lawyers' names; (2) their

7

addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. "The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Id*. When considering the second prong, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The Court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the Court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett,* 930 F.3d at 871.

The Court is satisfied that Kivi made reasonable attempts to recruit counsel on his own. Dkt. No. 4-1. But the Court will not recruit counsel at this time because it is far too early in the case to tell whether the case is too complex for him to adequately represent himself. The complaint has not yet been served on Defendants and Defendants have not yet filed a responsive pleading. Until matters proceed, the Court is not in a position to determine whether the difficulty of the case exceeds Kivi's capacity to present it. Further, Kivi's filings thus far have been clear and coherent; and he has been able to articulate what happened to him, why he believes it violated his rights, and what relief he seeks. The Court therefore has no concerns about his ability to communicate in

8

writing to advocate for himself. Kivi also need not worry about conducting discovery yet. All Kivi must do right now is wait for Defendants to file a responsive pleading. Once that happens, the Court will enter a scheduling order with more information on how to proceed with this case. Additionally, along with this screening order, the Court will also send Kivi a *pro se* guide prepared by court staff to address common questions that arise in cases filed by prisoners. Kivi should carefully review that guide, which will provide additional information on next steps to prosecute this case. Because the Court does not believe that Kivi requires the assistance of counsel at this time, the Court will deny the motion to appoint counsel without prejudice.

CONCLUSION

The Court finds that Kivi may proceed on an Eighth Amendment deliberate indifference claim against Dr. Ganhert, Dr. Jerome, Dr. Kinziger, and Nurse Haseleu in connection with his dental needs at the Waupun Correctional Institution between 2018 and 2023.

**IT IS THEREFORE ORDERED** that Kivi's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Kivi's motion to appoint counsel (Dkt. No. 4) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Warden Foster, Warden Hepp, HSM Weinman, Dr. Panos, and John and Jane Doe Health Service Workers are **DISMISSED** from the case

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Kivi's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Dr. Ganhert, Dr. Jerome, Dr. Kinziger, and Nurse Haseleu.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Dr. Ganhert, Dr. Jerome, Dr. Kinziger, and Nurse Haseleu shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Kivi shall collect from his institution trust account the **$340.05** balance of the filing fee by collecting monthly payments from Kivi's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Kivi is transferred to another institution, the transferring institution shall forward a copy of this Order along with Kivi's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Kivi is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

10

Case 2:25-cv-00620-BHL     Filed 07/31/25     Page 10 of 11     Document 8

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Kivi is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Kivi may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on July 31, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

11

Case 2:25-cv-00620-BHL   Filed 07/31/25   Page 11 of 11   Document 8