UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NATHAN A. KIVI,

Plaintiff,

v. Case No. 25-cv-0620-bhl

ROBERT JEROME et al.,

Defendants.

---

**DECISION AND ORDER**

---

Plaintiff Nathan Kivi is incarcerated at the Waupun Correctional Institution and representing himself in this 42 U.S.C. §1983 action. He is proceeding on Eighth Amendment claims based on allegations of inadequate dental care. Discovery closed on March 15, 2026, and on May 29, 2026, Defendants filed a motion for summary judgment. On July 1, 2026, at Kivi's request, the Court extended the response deadline to August 28, 2026, and warned Kivi that further extensions would not be granted absent a showing of extraordinary circumstances. On August 27, 2026, Kivi filed two motions. In the first motion, he asks the Court to reopen discovery for 90 days and to extend his deadline to respond to Defendants' summary judgment motion by 60 days. In the second motion, he asks the Court to deny Defendants' summary judgment motion and sanction Defendants "for perjury and falsifying documents." Dkt. Nos. 28, 29.

According to Kivi, Defendants are trying to mislead the Court by presenting false and incomplete evidence in support of their motion for summary judgment. Specifically, Kivi highlights a "fraudulent" statement by Dr. Paul Ganshert in which he explained that, following his first contact with Kivi via a dental services request on October 14, 2019, he placed Kivi "on a routine wait list because he requested fillings and extractions from a screening exam he had with another provider at a prior institution." Dkt. No. 20 at ¶41. Kivi emphasizes that the prior examination referenced by Dr. Ganshert did not happen at a *prior* institution but happened at the *same* institution where Dr. Ganshert worked. Kivi does not dispute that October 14, 2019 was the first contact that Dr. Ganshert had with Kivi.

Dr. Ganshert's misstatement about *where* the prior examination occurred has nothing to do with the substance of Defendants' summary judgment arguments. Dr. Ganshert is merely

establishing *when* he first became aware of Kivi's dental condition through the dental services request form. Whether the referenced prior examination (which was conducted by a different dentist) occurred at Waupun or a different institution is unimportant for purposes of summary judgment. Kivi asserts that Dr. Ganshert is trying to "wipe out" many months of delay, but under §1983, a defendant is liable for damages only if he was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at the defendant's behest or with her knowledge and consent. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). In other words, Dr. Ganshert is not liable for the delay caused by other dentists. Accordingly, contrary to Kivi's understanding, Dr. Ganshert is not minimizing any delay that Kivi allegedly experienced prior to his contact with Dr. Ganshert in an effort to mislead the Court. He is merely focusing the Court on the portions of Kivi's care in which he was personally involved. Kivi has therefore failed to establish that sanctions are warranted, and the Court will deny this aspect of his motion.

The Court will also deny Kivi's request that discovery be reopened for ninety days. Discovery was open for more than five months, from September 30, 2025 through March 15, 2026. Kivi offers no explanation why he did not seek the records he now wants while discovery was open, nor does he explain why he waited more than five months after discovery closed to ask for additional time to conduct discovery. The Court will not delay resolution of Defendants' motion without good cause, and Kivi has not shown good cause for failing to timely pursue the records he now wants. The Court will therefore deny this aspect of his motion.

Finally, the Court will grant a final extension of Kivi's deadline to respond to Defendants' summary judgment motion. It is not clear what, if any, progress Kivi has made on his response materials, but he has already had more than ninety days, so the Court assumes his response is well underway. Given the challenges Kivi highlights in his motion, the Court advises him of the following. First, as he did with his motions, Kivi may handwrite his response materials—the materials do not need to be typed. Second, the Court will not require that he reproduce every proposed fact before he responds to it. Instead, he may reproduce only the paragraph number of the proposed fact followed by his response, including citations to the evidence that supports his response, e.g., his declaration and/or dental records. And finally, Kivi is reminded that summary judgment rises or falls on whether there is a genuine dispute of material fact. The Court is familiar with the law and does not require Kivi to explain the legal basis of his claim so much as to indicate which facts asserted by Defendants are in dispute. Kivi knows the facts of his case, and more time at the law library will not help him identify which facts are in dispute.

**IT IS THEREFORE ORDERED** that Kivi's motion for an extension of time (Dkt. No. 28) is **GRANTED**. If the Court does not receive Kivi's response to Defendants' summary judgment motion by **October 19, 2026**, the Court will assume all facts asserted by Defendants are true and will decide the motion without Kivi's input.

**IT IS FURTHER ORDERED** that Kivi's motion for sanctions and to reopen discovery (Dkt. No. 29) are **DENIED**.

Dated at Milwaukee, Wisconsin this 4th day of September, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge